**Clint CAMPBELL, Appellant,**

v.

**E. J. DAVIS, d/b/a, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

Darrell B. Hancock, Peter Davenport, Fowler, Rouse, Measle & Bell, Lexington, for appellant.

Craft & Haynes, J. W. Craft, Jr., Hazard, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from a judgment of the Leslie Circuit Court which affirms an order of the Workmen's Compensation Board wherein appellant, Clint Campbell, was denied compensation.

Appellant worked for appellee in a mine as a shuttle car operator. On December 30, 1965, he suffered a severe psychotic reaction in which he lost control of himself and for all practical purposes appeared to be intoxicated.[1] He was helped from the mine by his coworkers and removed to the Veterans Hospital in Lexington, Kentucky, where he underwent treatment for an extended period.

Appellant now contends that his psychotic condition is compensable under the Workmen's Compensation Act because it was triggered by an electrical shock which he received shortly prior to the reaction as

[1]. There is no contention that appellant was intoxicated. The phrase intoxicated is used only to describe his condition.

a result of his shuttle car becoming grounded. The medical testimony offered by him, including the records of the Veterans Hospital, shows conclusively that he was suffering from an acute schizophrenic reaction, and the disease had, on previous occasions, manifested itself in the form of hallucinations wherein appellant talked to God and God answered.

Dr. Wiesel testified the reaction which appellant suffered on the day in question was probably due to an increase in anxiety and an electrical shock could have caused such increase. There were no marks on appellant's body, burns or otherwise, to indicate he did suffer shock.

▆ Appellant contends the finding of the circuit court and the Workmen's Compensation Board should be reversed because "there is not in the record one scintilla of positive evidence that appellant did not receive an electrical shock." This is an ingenious contention, however, we believe the burden of proving that he received an electrical shock was on appellant himself and we further believe he had the duty of proving a connection between the shock and the disability. The principles of law governing the burden of proof are rather elementary and it is difficult to understand how appellant could get them so confused. The only issue before the circuit court was whether appellant's proof was so strong as to compel a finding in his favor. Lee v. International Harvester Company, Ky., 373 S.W.2d 418; Thompson v. Mayflower Coal Co., Ky., 379 S.W.2d 459, and Akers v. United Carbon Gas Co., Ky., 386 S.W.2d 957. We do not view the proof as being so strong as to compel a finding in favor of appellant.

▆ The court properly concluded that the findings of the Board were adequately supported by the evidence.

The judgment is affirmed.

All concur.